**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HEATHER A. PRESTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2017-cv-3055 |
| ) | |
| ) | |
| **BENEDICTINE UNIVERSITY,** ) | |
| ) | **TRIAL BY JURY DEMANDED** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, Heather A. Preston, by her attorney, Vucko Law, states:

## NATURE OF PROCEEDING

This is an action under 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. §1981 and the Illinois Human Rights Act, 775 ILCS §5/2-101 *et seq.* Plaintiff, Heather A. Preston, alleges that Defendant, Benedictine University, discriminated against her on the basis of her sex and her race during her employment period with Defendant, including by subjecting her to a hostile work environment and less favorable terms and conditions of employment than her male colleagues and by wrongfully terminating her employment.

## THE PARTIES

1. Plaintiff Heather A. Preston is a resident and citizen of Illinois.

2. Defendant Benedictine University ("Benedictine") is an Illinois corporation which does business in Lisle, Illinois. Benedictine has over 15 employees.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Count I of this action pursuant to 28 USC §1331 because Plaintiff's claims arise under the laws of the United States. This Court has supplemental jurisdiction over Count I pursuant to 28 USC § 1367 because Plaintiff's Illinois Human Rights Act claims are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This Court also has jurisdiction pursuant to 42 USC §2000(e)-(5)(f)(3) because the unlawful employment practices alleged in Plaintiff's Complaint were committed here.

4. Venue is proper in this Court pursuant to 28 USC §1391(b)(1) and (2) because the defendant resides here and the events giving rise to Plaintiff's claims occurred here.

5. Ms. Preston has exhausted her administrative remedies and her filing of this action is timely.

## BACKGROUND

6. Plaintiff Heather Preston is a Caucasian female (collectively "Protected Characteristics").

7. Ms. Preston was employed by Benedictine as a marketing and communications writer from on or about April 11, 2016 until July 8, 2016 ("Employment Period").

8. Ms. Preston's husband is African-American.

9. Ms. Preston has two young, biracial children.

10. During her Employment Period, Benedictine singled Ms. Preston out and treated Ms. Preston less favorably than her similarly-situated male coworkers.

11. Benedictine's discriminatory conduct on the basis of Ms. Preston's Protected Characteristics includes, without limitation, the following:

   a. Benedictine held Ms. Preston's male colleagues to more favorable terms and conditions of employment, including a less severe disciplinary policy regarding typographical errors and proofreading standards, than the terms and conditions to which it held Ms. Preston.

   b. Benedictine offered and provided Ms. Preston's male colleagues more favorable benefits, including more flexible working hours for family care, than it offered or provided to Ms. Preston.

   c. Benedictine subjected Ms. Preston to continuing discrimination on the basis of her protected characteristics, including by unlawfully inquiring about Ms. Preston's ability to balance her responsibilities as a mother of two young children with her job responsibilities during her job interview.

12. Benedictine took adverse employment actions against Ms. Preston as follows:

   a. In response to Ms. Preston's request to use vacation and floating holiday days to care for her two young children, Benedictine issued a baseless, negative performance review to Ms. Preston.

   b. On or about July 8, 2016, Benedictine terminated Ms. Preston's employment, the reasons for which were pretextual.

13. Benedictine subjected Ms. Preston to a hostile work environment, including as follows:

   a. Ms. Preston's supervisor, the Associate Director of Media Relations, made discriminatory remarks about females on one or more occasions.

    b. Ms. Preston's supervisor made discriminatory remarks about Caucasian females in bi-racial relationships on one or more occasions.

    c. Ms. Preston's supervisor yelled at Ms. Preston on a constant basis and stood over her to create a physically-intimidating atmosphere.

14. Benedictine did not subject Ms. Preston's male colleagues to the same mistreatment.

## COUNT I
### VIOLATION OF 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), 42 U.S.C §1981, AND THE ILLINOIS HUMAN RIGHTS ACT (775 ILCS 5/2-101 *et seq.*)

15. Ms. Preston realleges and incorporates by reference Paragraphs 1 through 14 above.

16. Pursuant to Title VII, 42 U.S.C. §1981 and the Illinois Human Rights Act, Ms. Preston is a member of a "protected class" because of her gender, female, and her race, Caucasian.

17. During her Employment Period, Ms. Preston met or exceeded Defendant's legitimate job expectations.

18. Defendant treated similarly-situated employees outside of Ms. Preston's protected class more favorably than it treated Ms. Preston.

19. Defendant took adverse employment actions against Ms. Preston during her Employment Period, including by terminating her employment on or about July 18, 2016.

20. Defendant exposed Ms. Preston to a subjectively and objectively offensive work environment.

21. Ms. Preston's supervisor harassed her on the basis of her Protected Characteristics.

22. Ms. Preston's supervisor's discriminatory and harassing conduct was severe and pervasive.

23. Defendant knew or should have known about its employees' discriminatory conduct.

24. Defendant unreasonably failed to take remedial action.

25. Defendant's discriminatory conduct was intentional.

26. Defendant's conduct was done with malice or reckless indifference to Ms. Preston's rights under federal and Illinois law.

27. Ms. Preston was damaged by Defendant's discriminatory conduct in violation of Title VII, 42 U.S.C. §1981 and the Illinois Human Rights Act. Her damages include, but are not limited to, her lost wages, damage to her career, lost benefits, including the loss of valuable tuition-remission opportunities for plaintiff and her family at Benedictine University, future pecuniary losses, inconvenience, embarrassment, emotional and psychological harm and other harm.

WHEREFORE, Plaintiff Heather Preston prays that the Court enter judgment in her favor and against Defendant Benedictine University and respectfully requests that the Court:

A. Declare Benedictine University's conduct to violate the rights guaranteed to Plaintiff Heather A. Preston under 42 U.S.C. §2000(e), 42 U.S.C. §1981 and the Illinois Human Rights Act;

B. Grant a permanent injunction restraining Benedictine University, its officers and employees and all persons in active concert or participation with it from engaging in any employment practice which unlawfully discriminates on the basis of race or gender;

C. Order Defendant Benedictine University to make Heather Preston whole by providing the affirmative relief necessary to eradicate the effects of Benedictine University's unlawful practices, including frontpay;

D. Grant Heather Preston consequential, compensatory, punitive and any other damages, including backpay, additional backpay to account for the negative tax consequences of a lump-sum payment and damages for emotional pain, distress, and suffering and mental anguish, in an amount to be determined at trial;

E. Grant Heather Preston such equitable and injunctive relief that the Court may deem appropriate;

F. Grant Heather Preston her attorneys' fees, costs, pre-judgment interest and disbursements;

G. Grant Heather Preston such further relief as the Court deems necessary and proper.

## **Jury Demand**

28. Ms. Preston demands trial by jury on all counts and issues so triable.

Dated: April 24, 2017                                  Respectfully Submitted,

/s/   Stacey Vucko

STACEY VUCKO
Attorney for Plaintiff Heather A. Preston

STACEY B. VUCKO
VUCKO LAW
4901 Forest Ave., Suite 2
Downers Grove, IL 60515
312-522-2517