MAM/JSW/dw                                            8-588-58-70

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER A. PRESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2017-cv-3055 |
| | ) | |
| BENEDICTINE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT BENEDICTINE UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES Defendant BENEDICTINE UNIVERSITY, by its attorneys, KOPON AIRDO, LLC, and for its Answer to Complaint and Affirmative Defenses, states as follows:

### THE PARTIES

1.   Plaintiff Heather A. Preston is a resident and citizen of Illinois.

**ANSWER:   Defendant has insufficient knowledge of the matters alleged in Paragraph 1 of Plaintiff's Complaint necessary to base an admission or denial; and, therefore, denies the same and demands strict proof thereof.**

2.   Defendant Benedictine University ("Benedictine") is an Illinois corporation which does business in Lisle, Illinois. Benedictine has over 15 employees.

**ANSWER:   Defendant admits the allegations of Paragraph 2 of the Complaint.**

### JURISDICTION AND VENUE

3.   This Court has jurisdiction over Count I of this action pursuant to 28 USC § 1331 because Plaintiff's claim arise under the laws of the United States. This Court has supplemental jurisdiction over Count I pursuant to 28 USC § 1367 because Plaintiff's Illinois Human Rights

Act claims are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This Court also has jurisdiction pursuant to 42 USC § 2000(e)-(5)(f)(3) because the unlawful employment practices alleged in Plaintiff's Complaint were committed here.

**ANSWER: Defendant admits that this Court has subject-matter jurisdiction over Plaintiff's claims, but denies any liability regarding such claims.**

4. Venue is proper in this Court pursuant to 28 USC § 1391(b)(1) and (2) because the defendant resides here and the events giving rise to Plaintiff's claims occurred here.

**ANSWER: Defendant admits that it "resides here" and that venue is proper. Defendant denies the remaining allegations of this Paragraph 4.**

5. Ms. Preston has exhausted her administrative remedies and her filing of this action is timely.

**ANSWER: Defendants admits the allegations of Paragraph 5 of the Complaint.**

## BACKGROUND

6. Plaintiff Heather Preston is a Caucasian female (collectively "Protected Characteristics").

**ANSWER: Defendants admits the allegations of Paragraph 6 of the Complaint.**

7. Ms. Preston was employed by Benedictine as a marketing and communications writer from on or about April 11, 2016 until July 8, 2016 ("Employment Period").

**ANSWER: Defendant admits the allegations of Paragraph 7 of the Complaint.**

8. Ms. Preston's husband is African-American.

**ANSWER:** **Defendant has insufficient knowledge of the matters alleged in Paragraph 8 of Plaintiff's Complaint necessary to base an admission or denial; and, therefore, denies the same and demands strict proof thereof.**

9. Ms. Preston has two young, biracial children.

**ANSWER:** **Defendant has insufficient knowledge of the matters alleged in Paragraph 9 of Plaintiff's Complaint necessary to base an admission or denial; and, therefore, denies the same and demands strict proof thereof.**

10. During her Employment Period, Benedictine singled Ms. Preston out and treated Ms. Preston less favorably than her similarly-situated male coworkers.

**ANSWER:** **Defendant denies the allegations of Paragraph 10 of the Complaint.**

11. Benedictine's discriminatory conduct on the basis of Ms. Preston's Protected Characteristics includes, without limitation, the following:

   a. Benedictine held Ms. Preston's male colleagues to more favorable terms and conditions of employment, including a less severe disciplinary policy regarding typographical errors and proofreading standards, than the terms and conditions to which it held Ms. Preston.

   b. Benedictine offered and provided Ms. Preston's male colleagues more favorable benefits, including more flexible working hours for family care, than it offered or provided to Ms. Preston.

   c. Benedictine subjected Ms. Preston to continuing discrimination on the basis of her protected characteristics, including by unlawfully inquiring about Ms. Preston's ability to balance her responsibilities as a mother of two young children with her job responsibilities during her job interview.

**ANSWER:** Defendant denies the allegations of Paragraph 11, including, but not limited to, the allegations of subparagraphs (a) – (c).

12. Benedictine took adverse employment actions against Ms. Preston as follows:

    a. In response to Ms. Preston's request to use vacation and floating holiday days to care for her two young children, Benedictine issued a baseless, negative performance review to Ms. Preston.

    b. On or about July 8, 2016, Benedictine terminated Ms. Preston's employment, the reasons for which were pretextual.

**ANSWER:** Defendant denies the allegations of Paragraph 12, including, but not limited to, the allegations of subparagraphs (a) – (b).

13. Benedictine subjected Ms. Preston to a hostile work environment, including as follows:

    a. Ms. Preston's supervisor, the Associate Director of Media Relations, made discriminatory remarks about females on one or more occasions.

    b. Ms. Preston's supervisor made discriminatory remarks about Caucasian females in bi-racial relationships on one or more occasions.

    c. Ms. Preston's supervisor yelled at Ms. Preston on a constant basis and stood over her to create a physically-intimidating atmosphere.

**ANSWER:** Defendant denies the allegations of Paragraph 13, including, but not limited to, the allegations of subparagraphs (a) – (c).

14. Benedictine did not subject Ms. Preston's male colleagues to the same mistreatment.

**ANSWER:** Defendant denies that it subjected Ms. Preston to any mistreatment. Defendant further denies the remaining allegations of this Paragraph 14.

## COUNT I
### VIOLATION OF 42 U.S.C § 2000(e) *et seq.* ("Title VII"), 42 U.S.C. §1981, AND THE ILLINOIS HUMAN RIGHTS ACT (775 ILCS 5/2-101 *et seq.*)

15. Ms. Preston realleges and incorporates by reference Paragraphs 1 through 14 above.

**ANSWER:** Defendant re-incorporates and re-alleges the Answers set forth in Paragraphs 1 through 14 as though fully incorporated herein, verbatim.

16. Pursuant to Title VII, 42 U.S.C. § 1981 and the Illinois Human Rights Act, Ms. Preston is a member of a "protected class" because of her gender, female, and her race, Caucasian.

**ANSWER:** Defendant states that this Paragraph 16 calls for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the same, and further denies any liability whatsoever under Title VII, 42 U.S.C. § 1981 and the Illinois Human Rights Act, and further demands strict proof thereof.

17. During her Employment Period, Ms. Preston met or exceeded Defendant's legitimate job expectations.

**ANSWER:** Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant treated similarly-situated employees outside of Ms. Preston's protected class more favorably than it treated Ms. Preston.

**ANSWER:** Defendant denies that it treated Ms. Preston in any unlawful manner. Defendant further denies the remaining allegations of this Paragraph 18.

19. Defendant took adverse employment actions against Ms. Preston during her Employment Period, including by terminating her employment on or about July 18, 2016.

**ANSWER: Defendant admits that Ms. Preston's employment relationship with Benedictine University ended on or about July 18, 2016. Defendant denies the remaining allegations of this Paragraph 19.**

20. Defendant exposed Ms. Preston to a subjectively and objectively offensive work environment.

**ANSWER: Defendant denies the allegations of Paragraph 20 of the Complaint.**

21. Ms. Preston's supervisor harassed her on the basis of her Protected Characteristics.

**ANSWER: Defendant denies the allegations of Paragraph 21 of the Complaint.**

22. Ms. Preston's supervisor's discriminatory and harassing conduct was severe and pervasive.

**ANSWER: Defendant denies the allegations of Paragraph 22 of the Complaint.**

23. Defendant knew or should have known about its employees' discriminatory conduct.

**ANSWER: Defendant denies the allegations of Paragraph 23 of the Complaint.**

24. Defendant unreasonably failed to take remedial action.

**ANSWER: Defendant denies the allegations of Paragraph 24 of the Complaint. Defendant further denies that any "remedial action" was necessary or required.**

25. Defendant's discriminatory conduct was intentional.

**ANSWER: Defendant denies the allegations of Paragraph 25 of the Complaint.**

26. Defendant's conduct was done with malice or reckless indifference to Ms. Preston's right under federal and Illinois law.

**ANSWER: Defendant denies the allegations of Paragraph 26 of the Complaint.**

27. Ms. Preston was damaged by Defendant's discriminatory conduct in violation of Title VII, 42 U.S.C §1981 and the Illinois Human Rights Act. Her damages include, but are not limited to, her lost wages, damage to her career, lost benefits, including the loss of valuable tuition-remission opportunities for plaintiff and her family at Benedictine University, future pecuniary losses, inconvenience, embarrassment, emotional and psychological harm and other harm.

**ANSWER: Defendant denies any liability whatsoever under Title VII, 42 U.S.C §1981 and the Illinois Human Rights Act. Defendant further denies the remaining allegations of this Paragraph 27.**

WHEREFORE, Defendant, Benedictine University, requests that Plaintiff's Complaint be denied and dismissed in its entirety, that judgment render in its favor and against Plaintiff, and that it be awarded costs and such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

NOW COMES, Defendant, Benedictine University, by and through its attorneys, Kopon Airdo, LLC, and for its Affirmative Defenses to the Plaintiff's Complaint, hereby states as follows:

**First Affirmative Defense:** Plaintiff's harassment claims are barred under the *Faragher-Ellerth* doctrine because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, failed to make any report pursuant to Defendant's anti-harassment policy, or to otherwise avoid harm.

**Second Affirmative Defense:** Plaintiff's harassment claims are barred because Defendant had no actual or constructive notice of the alleged violative conduct, nor did Defendant fail to take reasonable corrective measures.

**Third Affirmative Defense:** Plaintiff's claims are barred or reduced because Plaintiff has failed to mitigate her damages.

**Fourth Affirmative Defense:** To the extent Plaintiff seeks punitive or other exemplary damages, any such claim is barred on the grounds that such damages are not available for some or all of Plaintiff's claims.

**Fifth Affirmative Defense:** Plaintiff's claims under 42 U.S.C. § 1981 are barred for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant, Benedictine University, denies that the Plaintiff is entitled to recovery in any amount whatsoever, and requests that Plaintiff's Complaint be dismissed and denied, that judgment render in its favor and against Plaintiff, and that it be awarded costs.

Respectfully submitted,

BENEDICTINE UNIVERSITY

By: /s/ Maureen A. Murphy
One of its Attorneys

Maureen A. Murphy
Jolianne S. Walters
KOPON AIRDO, LLC
233 South Wacker Drive, Suite 4450
Chicago, Illinois 60606
312/506-4450
312/ 506-4460 FAX

## CERTIFICATE OF SERVICE

    I, the undersigned attorney, certify that I served the foregoing Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses by filing electronically via the CM/ECF electronic filing system of the United States District Court for the Northern District of Illinois on June 23, 2017, which will cause the documents to be electronically sent to all parties of record.

                                                            /s/ Maureen A. Murphy